IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31211
Conference Calendar

_____


ERNEST D. DERRYBERRY,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State
Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1239
- - - - - - - - - - -
August 19, 1998
Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Ernest D. Derryberry, Louisiana inmate #117394, appeals the

dismissal of his habeas application which challenged his 42-year

sentence for manslaughter.  He argues that the district court

erred in basing the dismissal on the one-year limitation period

from 28 U.S.C. § 2244(d).[**]  Because Derryberry delivered his

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**]  To the extent that Derryberry raises other issues on
appeal, the district court granted the certificate of
appealability only on the issue concerning the applicability of
§ 2244(d)'s one-year limitation period.  Thus, any other issue

habeas application to prison officials for mailing before April 24, 1997, the application was timely filed, and the district court's rationale for dismissal appears to be in error. See Houston v. Lack, 487 U.S. 266, 270 (1988); United States v. Flores, 135 F.3d 1000, 1004-06 (5th Cir. 1998).

We affirm the district court's dismissal on an alternate basis. Derryberry had filed a prior habeas petition in federal court challenging his continued confinement on his 42-year sentence. That habeas petition was denied, and this court denied Derryberry's request for a certificate of probable cause. See Derryberry v. Cain, No. 95-30752 (5th Cir. Dec. 13, 1995) (single-judge order). Derryberry's 1997 federal habeas application was his second challenge, which required this court's authorization to proceed in the district court.[***] § 2244(b). Derryberry failed to obtain our authorization, and thus, the district court was without jurisdiction to entertain the habeas application. § 2244(a).

AFFIRMED.

---

raised is not properly before this court. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

[***] Our review of Derryberry's habeas grounds indicates that Derryberry cannot meet the standard warranting our authorization for filing a second or successive habeas application in the district court. § 2244(b)(1), (2). Those grounds are the following: invalid prior convictions upon which the present sentence was enhanced; violation of due process by the sentencing court's failure to afford counsel adequate time to review the presentence report; and ineffective assistance of counsel for failing to object to the lack of adequate time for review and for failing to investigate the prior convictions.